UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60100-CIV-COHN/SELTZER

CHANEL, INC.,

    Plaintiff,

v.

CCBAGSONLINE.COM, et al.,

    Defendants.

_____/

## ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court on Plaintiff's Motion for Preliminary Injunction [DE 7] ("Motion").  The Court has carefully reviewed the Motion, the attached declarations and exhibits, and the record in this case.  The Court has also heard oral arguments from Plaintiff's counsel at a hearing held earlier today.  Although Defendants received notice of these proceedings, none of them responded to the Motion, nor did they appear at the preliminary-injunction hearing.

**I.   Background**

On January 20, 2015, Plaintiff Chanel, Inc., ("Chanel") filed this action against several partnerships and business associations.  See generally DE 1 (Complaint).  Chanel alleges that Defendants are selling goods bearing counterfeit and confusingly similar imitations of numerous Chanel trademarks (the "Chanel Marks").  Id. ¶¶ 18, 28.  Chanel thus has asserted the following claims against Defendants:  (1) counterfeiting and infringement under 15 U.S.C. § 1114; (2) false designation of origin under 15 U.S.C. § 1125(a); and (3) common-law unfair competition.  Compl. ¶¶ 43–62.

On January 21, 2015, Chanel filed an Ex Parte Application for Entry of Temporary Restraining Order and Preliminary Injunction. See DE 7. The Court granted Chanel's request for a temporary restraining order ("TRO") on January 23, 2015. See DE 10. Based on strong evidence that Defendants are selling counterfeit and infringing versions of Chanel's trademarked goods, the Court found that Chanel had satisfied all four requirements for a TRO: (1) a substantial likelihood of success on the merits; (2) that Chanel would suffer irreparable injury if a restraining order were not granted; (3) that the threatened injury to Chanel outweighed the harm the relief would cause to Defendants; and (4) that entry of the restraining order would serve the public interest. See id. at 4–7; Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (per curiam).

The Court thus temporarily restrained Defendants and associated persons from using infringing versions of the Chanel Marks in connection with their products and websites. See DE 10 at 7–8. The Court also ordered the registrars for Defendants' domain names to transfer the domains to a holding account, after which all traffic to the websites would be redirected to a page displaying the filings in this case. See id. at 9–10. The Court required Chanel to post a bond of $10,000.00 and to serve the Complaint, the Motion, and the TRO on Defendants through their known e-mail addresses and via publication. See id. at 11–12.[1]

In the TRO, the Court also set a hearing on Chanel's request for a preliminary injunction. See DE 10 at 12. The Court directed Defendants to file any Response to the Motion no later than February 2, 2015. See id. The Court cautioned Defendants

---

[1] The record indicates that Chanel has complied with the applicable bond and service requirements. See DE 13, 15–17.

that "if they do not timely respond to Plaintiff's Motion for Preliminary Injunction and do not appear at the scheduled hearing, the Court may enter a preliminary injunction against them by default." Id. at 13 (emphasis omitted).

As noted above, Defendants neither responded to the Motion nor appeared at today's hearing. Before the hearing, Plaintiff identified two witnesses who had submitted written declarations in support of the Motion. See DE 14. Because Defendants did not appear at the hearing, however, Plaintiff relied on the witnesses' declarations in lieu of live testimony.

## II.  Discussion

The preliminary injunction Chanel seeks would maintain the relief granted in the TRO until this case is decided on the merits. The requirements for issuing a preliminary injunction are the same as those for entering a TRO. See Schiavo, 403 F.3d at 1225–26 ("[T]he four factors to be considered in determining whether temporary restraining or preliminary injunctive relief is to be granted . . . are whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest."). Because a preliminary injunction is "an extraordinary and drastic remedy," it may not be granted unless the moving party "clearly carries the burden of persuasion as to the four prerequisites." Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994) (internal quotation marks omitted); see McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Unlike a TRO, a preliminary injunction requires notice to the adverse party and a hearing. See Fed. R. Civ. P. 65(a).

Here, Chanel is substantially likely to succeed on the merits of its claims. Chanel has presented clear evidence that Defendants are selling goods bearing unauthorized, infringing copies of the Chanel Marks, thereby confusing the public about the origin of those goods. See 15 U.S.C. §§ 1114, 1125(a). Allowing Defendants to continue this illegal conduct would cause irreparable harm to Chanel by reducing sales of its genuine trademarked goods and by depriving it of the reputation and goodwill associated with those products. Further, because Defendants have no right to sell counterfeit and infringing goods, the balance of harms strongly favors Chanel. And halting Defendants' conduct—which involves the sale of illicit goods through unlawful means—serves the public interest. Chanel therefore has clearly proved all four requirements for a preliminary injunction. See Schiavo, 403 F.3d at 1225–26; Church, 30 F.3d at 1342.

Although Defendants have been given notice of the Motion and an opportunity to respond, they have made no effort to rebut Chanel's evidence warranting a preliminary injunction. The Court thus concludes that Chanel's Motion should be granted.

### III. Conclusion

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Preliminary Injunction [DE 7] is **GRANTED**;

2. All provisions of the Court's Order Granting Ex Parte Application for Entry of Temporary Restraining Order [DE 10], incorporated by reference in this Order, shall remain in effect while this case is pending or until the Court orders otherwise; and

3. Plaintiff shall promptly serve a copy of this Order on Defendants through the means specified in paragraphs 7 and 15 of the Order Granting Ex Parte

Application for Entry of Temporary Restraining Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of February, 2015.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF